ERIE COUNTY SAVINGS BANK, Plaintiff, *v.* HARMON THOMAS et al., Defendants.

County Court, Erie County, July 24, 1962.

*Eli H. Frankel* for Harmon Thomas, defendant. *Moot, Sprague, Marcy, Landy & Fernbach* (*Thomas G. Rickert* of counsel), for plaintiff.

BURKE I. BURKE, J. This is a motion to dismiss an action brought by Erie County Savings Bank for foreclosure of a $15,000 mortgage on premises described as 36 Blaine Avenue in the City of Buffalo, and to vacate the *lis pendens* and appointment of a receiver.

In support, Harmon Thomas, one of the defendants named in the complaint, has filed an affidavit stating he did not execute the February 10, 1961 mortgage on said premises and alleging further, on information and belief, that neither did his wife, Thelma Thomas, or Willie L. Thomas, two others named as defendants. Mr. Thomas contends therefore that no valid or enforcible mortgage exists with respect to said premises.

In plaintiff's answering affidavit it is conceded the mortgage was executed by three persons, in the role of mystery mortgagors, who courteously served as the three Thomases to com-

plete necessary closing formalitics. This affidavit indicates that the mortgage was a purchase money mortgage, that the said three persons, as the Thomases, attended the closing, accepted the deed, signed and delivered the mortgage, received the bank's draft for the loan proceeds, indorsed and delivered it to the seller.

The complaint includes, as additional defendants, John Doe, Mary Doe and Richard Roe, said names being fictitious, but designating the purported owners of the mortgaged premises.

While generally Mr. Blackacre may not walk into a lending institution, announce he is Mr. Biggerstaff, and give an enforcible mortgage upon real estate held by Mr. Biggerstaff, here, it is claimed, three persons, who said they were Thomas, accepted the deed, gave the bond and mortgage, and paid the proceeds of the loan to the seller of the land.

Did the imposters receive title and thus have power to execute the bond and mortgage? Were they acting as agents? Was there ratification by conduct? Do the Thomases desire to affirm conveyance of the real estate, but disaffirm the mortgage loan which supplied the money to create such an interest? These and other questions may be answered in the next movement. In the absence of a full factual background they cannot be determined now.

Under all of the circumstances, the single fact that certain defendants described as Harmon Thomas, Thelma Thomas and Willie L. Thomas, did not execute the mortgage is insufficient to grant the relief demanded. The motion is in all respects denied.